UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:09 CV 568 |
| | ) |
| PARCEL OF PROPERTY KNOWN | ) |
| AS 26 CHRYSLER AVENUE, | ) |
| WABASH, WABASH COUNTY, | ) |
| INDIANA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the court on cross-claimant U.S. Bank N.A.'s ("U.S. Bank") motion for a default judgment. (DE # 26.) For the following reasons, that motion is denied.

I.  Background

This case originated in December 2009 when the United States filed suit against several defendants: the Parcel of Real Property Known as 26 Chrysler Avenue, Wabash, Wabash County, IN; the unknown heirs of Lola J. Trisler, deceased; David E. Trisler; Pathfinder Services, Inc.; Markle Bank; and U.S. Bank. (DE # 1.) The suit sought the foreclosure of the property named in the complaint. (*Id.*) The United States effected service of process on all defendants (DE ## 8, 9, 18), with the exception of defendant David Trisler, who waived service. (DE # 5.) After waiving service, David Trisler

disclaimed any interest in the real estate on which the United States sought foreclosure. (DE # 6.)

In February 2010, U.S. Bank filed an answer to the United States' complaint. (DE # 13.) In June 2010, after the unknown heirs Lola Trisler, Pathfinder Services, Inc., and Markle Bank failed to plead or otherwise defend against the United States' complaint, the Clerk entered defaults against those defendants. (DE # 20.) In March 2011, U.S. Bank filed a crossclaim against David Trisler, Pathfinder Services, Inc., and Markle Bank; a counterclaim against the United States; and a third-party claim against Portrait Home Loan Bank. (DE # 23.) U.S. Bank has now moved for a default judgment on its claims. (DE # 26.)

II.     Analysis

U.S. Bank appears to have served its crossclaim and third-party claim on David Trisler, Pathfinder Services, Inc., Markle Bank, and Portrait Home Loan Bank by publication.[*] (DE # 26 at 2; DE # 26-1.) U.S. Bank did not ask the court to allow it to serve either its crossclaim or its third-party claim on those defendants using publication, as required by Indiana Rule of Trial Procedure 4.13. Indiana Rule of Trial Procedure 4.13 states:

---

[*] In its motion for a default judgment, U.S. Bank specifically notes that it served Portrait Home Loan Bank and Pathfinder Services, Inc. by publication, but does not indicate how it served David Trisler or Markle Bank. (DE # 26 at 2.) The only evidence that U.S. Bank has submitted regarding service on these defendants, however, is that they were served by publication. (DE # 26-1.)

2

> The person seeking [service by publication], or his attorney, shall submit his request therefor upon the praecipe for summons along with supporting affidavits that diligent search has been made that the defendant cannot be found, has concealed his whereabouts, or has left the state, and shall prepare the contents of the summons to be published. The summons shall be signed by the clerk of the court or the sheriff in such manner as to indicate that it is made by his authority.

*See also McCarty v. Landis Exp.*, Inc., No. 1:10–cv–00340, 2011 WL 3678810, at *1 (S.D. Ind. Aug. 19, 2011) ("Indiana Rule of Trial Procedure 4.13 . . . requires the party to ask the court to allow service by publication and the request must be supported by affidavit that 'diligent search has been made that the defendant cannot be found, has concealed his whereabouts, or has left the state . . . .'"); *Coffelt v. Kerlegan*, No. Civ. 1:05CV294, 2005 WL 2648671, at *2 (N.D. Ind. Oct. 17, 2005) ("According to Indiana Trial Rule 4.13(A), the person seeking service by publication, or his attorney, must submit a request for service by publication in a praecipe for summons. Additionally, the praecipe must be supported by affidavits."). U.S. Bank did not follow the procedure set out in Indiana Rule of Trial Procedure 4.13 for obtaining service by publication.

Additionally, U.S. Bank did not seek a clerk's entry of default, as required by FEDERAL RULE OF CIVIL PROCEDURE 55(a), on the claims on which it now seeks a default judgment. (DE # 26.) Although the clerk previously entered default against certain defendants, that default only related to the United States' complaint. Therefore, a default judgment on U.S. Bank's crossclaim against David Trisler, Pathfinder Services, Inc., and Markle Bank and third-party claim against Portrait Home Loan Bank would be inappropriate at this time.

## III. Conclusion

For the foregoing reasons, cross-claimant U.S. Bank's motion for a default judgment (DE # 26) is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED.**

Date: December 6, 2013

s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT